# NO. 12-09-00266-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LUTHER LEEVAN JACKSON, JR.,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES      COUNTY,* *TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Luther Leevan Jackson, Jr., appeals his conviction for aggravated sexual assault of a child. Appellant's counsel has filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

#### BACKGROUND

On June 12, 2006, Appellant had sexual intercourse with a thirteen year old female. Appellant was nineteen years old at the time. Appellant was arrested and indicted for the offense of aggravated sexual assault of a child, a first degree felony. On March 20, 2008, Appellant pleaded guilty and received five years of deferred adjudication community supervision and a fine of $1,500.00. One of the conditions of Appellant's deferred adjudication community supervision required him to refrain from committing any other criminal offense during the period of his supervision.

The State filed an application to adjudicate Appellant's guilt, an amended application, and later on July 13, 2009, a second amended application. In the second amended application, the State alleged that Appellant committed four criminal offenses during the period of his community supervision. Particularly, the State alleged that Appellant (1) resisted arrest on March 16, 2009, (2) possessed marijuana on March 16, 2009, (3) possessed marijuana on April 29, 2009, and (4) evaded arrest on June 3, 2009. Appellant pleaded "not true" to the allegations. The trial court found the March 16, 2009 possession of marijuana charge to be "not true," but found the remaining three allegations to be "true." Accordingly, at the hearing on the application, the trial court revoked Appellant's deferred adjudication community supervision, proceeded to final adjudication, found him guilty of the underlying offense, and proceeded to the punishment phase of Appellant's trial. The trial court assessed Appellant's punishment at fifteen years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[1] *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and have conducted our own independent review of the record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal

[1] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal. *See **In re Schulman***, 252 S.W.3d at 408–09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered April 20, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)